ALICE DOUGLASS, APPELLANT, *v.* JOSEPH L. HABER-STRO, AS SHERIFF, ETC., RESPONDENT.

*Sheriff—becomes liable as bail, upon the neglect of the sureties to justify—may be allowed to surrender the principal, after answer—what must be shown to authorize the court to grant him permission to do so.*

When the sheriff has become liable as bail, by reason of the failure of the original sureties to justify, he may exonerate himself by surrendering the principal to the jail before the expiration of the time to answer, or within such time thereafter as the court may deem just to prescribe.

But to entitle the sheriff to an order, allowing him to surrender the principal, after the time to answer has expired, he must show a substantial and sufficient excuse for permitting the defendant in the execution to be at large.

APPEAL from an order of the Erie Special Term, exonerating the defendant as bail in an action brought by the plaintiff herein against one William T. Warren, and discontinuing the present action.

The action against Warren was for the conversion of moneys, collected by him in a fiduciary capacity. The plaintiff caused him to be arrested by the sheriff, who took from him bail, who were excepted to and failed to justify. The plaintiff recovered a judgment against Warren, and issued an execution against his property, which being returned unsatisfied, she issued a body execution, which the sheriff, the defendant Haberstro, returned, "not found." That return was made on April 3, 1879. The present action was commenced against Haberstro, on April 10. On April 15, Haberstro again took Warren into custody, and held him until April 23, when he released him, upon his giving an undertaking conditioned that he would at all times render himself amenable to the process of the court during the pendency of the action against him, and to such

as might be issued to enforce the judgment therein. On April 28, Haberstro, and the bail who had failed to justify, seized Warren and turned him over to the custody of one of the coroners of Erie county, and thereupon obtained an order, made by the Special Term of this court, exonerating them as bail, which order was reversed by the General Term in October, 1879 (19 Hun, 1). On being surrendered to the coroner, Warren gave him an undertaking, and was permitted to go at large. On October 27, Haberstro not having answered, plaintiff entered judgment against him by default. On November 15, Haberstro obtained a Special Term order giving him leave to answer, upon an affidavit, in which he swore to merits, and excused his default in not answering. He noticed the cause for trial at the February Circuit, 1880 ; it went upon the day calendar, and was placed there as a preferred cause ; while it was in that position, he again arrested Warren, and, on February 25, moved for and obtained the order from which this appeal is taken.

*John Campbell Hubbell*, for appellant.

*Osgoodby*, *Titus* and *Moot*, for respondent.

SMITH, J. :

By the failure of the original sureties to justify, the defendant became liable as bail, and as such had the right to be exonerated on surrendering Warren to the jail, before the expiration of the time to answer in the action against himself. And the Special Term had power to grant him such further time, after answer, as it deemed just, to make such surrender. (Code of Civil Proc., § 601.) But to entitle the sheriff to such relief, after the time for answering had expired, it was incumbent on him to show a substantial and sufficient excuse for permitting the defendant in the execution to be at large. That, we think, he failed to do The time to answer expired April 30, 1879, and the application to be exonerated on surrendering the defendant, was not made until nearly ten months thereafter. If it be assumed that the order of the Special Term, exonerating him, was a sufficient excuse so long as it was in force, it avails him nothing after it was reversed. From the last of October to the latter part of February, he was without any excuse whatever, so far as the

papers show. True, he alleged, in vague and general terms, that he was unable to find Warren, after diligent inquiry, but he did not state specific facts. He did not disclose the nature of his inquiries, of whom made, or what information he received in reply to them. On the other hand, the opposing affidavits state positively that with the exception of four weeks, Warren was openly in the city of Buffalo from October to February, and that during that period he saw and conversed with the sheriff, his deputy or attorneys, on several occasions. The course of practice pursued by the defendant in the action against him indicates very clearly that he had no intention of re-arresting Warren until the suit against the sheriff was about to be forced to trial.

Although the question involved in the defendant's motion is one of discretion, to a great extent, yet it is our duty to review the evidence. We have done so, and are satisfied that the defendant is without excuse.

The order should be reversed, with $10 costs and disbursements.

TALCOTT, P. J., and HARDIN, J., concurred.

So ordered.     _____